EDWARD C. VINTON *vs.* WILLIAM H. MANSFIELD.

In a replevin suit against the present plaintiff, the present defendant, as surety for the plaintiff in that suit, had given bond for the payment of all damage if the plaintiff should not recover judgment and for the return of the replevied property in that event to the present plaintiff. While the suit was pending, *A*, of whom the present plaintiff had purchased the property with warranty of title, returned him the purchase money to his full satisfaction, and took back the title to the property, and by order of the court *A* was substituted as defendant in the place of the present plaintiff, and afterwards obtained judgment in his favor. Held, in a suit on the bond, that evidence was admissible on the part of the defendant of the transaction with *A*, for the purpose of showing either that the present plaintiff had no cause of action, or that he was entitled to less damages, by reason of his having received the value of the property.

It was not enough that *A*, who was substituted as defendant in the place of the present plaintiff, had suffered damage from the non-return of the property. The damage for which there could be a recovery on the bond must have been damage to the plaintiff and not to *A*.

DEBT on a replevin bond; brought to the Superior Court in Windham County, and tried to the jury before *Sanford, J.* Verdict for the plaintiff and motion for a new trial by the defendant for error in the rulings of the court. The case is sufficiently stated in the opinion.

*G. W. Phillips* and *S. H. Seward*, in support of the motion.

*T. E. Graves* and *G. F. S. Stoddard*, contra.

GRANGER, J. This is an action upon a replevin bond. Upon the trial of the case to the jury the question was upon the defendant's liability to the plaintiff upon the bond. The defendant offered to prove that before the bringing of the replevin suit in which the bond was given, which was brought by one Hall against Vinton the present plaintiff, Vinton purchased of one Amidon the property in question, that he paid therefor the sum of $350, and took from Amidon a written guaranty that he (Amidon) was the owner of the property, and covenanting to warrant and defend his (Vin-

ton's) title thereto. After Hall had replevied the property from Vinton the latter had an interview with Amidon, informed him of the replevin suit and that the property had been taken from him by virtue of it, and, reminding Amidon of his guarantee, he demanded his purchase money back. Amidon paid him back the purchase money, and Vinton thereupon notified Hall's attorney that he should no longer contest the replevin suit. It appears that Amidon obtained an order of the court to be substituted as defendant for Vinton in the replevin suit, and that he made defense and obtained judgment in his favor. The property by its re-sale to him by Vinton had of course become his, and he was entitled to recover it of Hall.

By the course taken by Vinton he clearly abandoned all right and claim to the property replevied. The object of a replevin bond is to indemnify the defendant in the suit for any loss he may sustain in consequence of having the property taken from him, and if the property is not returned upon its being adjudged to be his, that all damages be paid to him resulting from the replevy. Gen. Statutes, p. 484, sec. 3.

It is a fundamental principle that a man can have but one satisfaction for any claim, and but one compensation for any injury he may receive, and whenever it appears that a party has been so satisfied or compensated he ought not to be allowed to make further claim in any court. Had this plaintiff received full satisfaction—full payment for the loss of his property? No question is made to the contrary. He bought the property for a certain sum; the vendor, on demand, when the property was taken from him, repaid him the purchase money, and he made no further claim upon anybody, but notified the plaintiff in the replevin suit that he should no longer contest the title—in substance, that he, Hall, might hold the property and do as he pleased with it, so far as he was concerned.

To have a right to recover on the replevin bond he must have sustained some damage from the replevying of the property. If he was fully satisfied in advance for any

possible damage that might have resulted from a judgment against him in case he had continued his defence, how could he be damnified by any thing that should thereafter occur in the suit? The bond was for the payment of all damage if the plaintiff in replevin should not recover judgment, and for a return of the property to him in that case. Clearly he could not, after being fully satisfied for the value of the property, be damnified by its non-return. If there was other damage besides the loss of the property, for which he could have recovered on his bond, there might not be full satisfaction of the bond by the mere return of the property. But the evidence that the plaintiff was satisfied for the value of the property would clearly be admissible in mitigation of damages, if not sufficient to show that he had no cause of action. The fact that Amidon had been admitted by the court as a defendant and was defending the suit and finally obtained judgment in his favor, could not make the present defendant liable to the present plaintiff on his bond. There must have been damage sustained by the present plaintiff and not by Amidon.

The question put to the plaintiff—"Have you been fully satisfied for the loss of the property?"—was of course admissible as a part of the evidence showing that he had no cause of action, or if any, for a less amount than he claimed. If he had in fact received no damage or had been fully compensated for all damage he had received, it was competent for the defendant to prove it by any lawful evidence, and upon that question the plaintiff was best qualified to speak. He best knew whether in equity and good conscience he had been fully satisfied for the loss he had sustained, and he ought to have been allowed, if not required, to answer the question.

The verdict is manifestly against justice and equity if the facts offered to be proved by the defendant were proved, which it is to be presumed they were. The plaintiff received back the whole amount of the purchase money, and if the verdict is to stand he receives $500 in addition, and for

nothing, so far as we can see.    We cannot sanction any such result.

A new trial is advised.

In this opinion the other judges concurred.